## HERREN REALTY CO. v. SCHELTINGA et al. (No. 8257.)

Court of Civil Appeals of Texas. San Antonio. Oct. 16, 1929.

Rehearing Denied Nov. 13, 1929.

P. G. Greenwood, of Harlingen, for appellant.

W. T. Carlton, of Harlingen, for appellees.

SMITH, J. ▮ This action was brought by appellant against appellees to recover a broker's commission alleged to have been earned by appellant in procuring a purchaser of property belonging to appellees and situated in the city of Harlingen. The cause was tried by the court below without the intervention of a jury, resulting in a judgment denying recovery to appellant. The issues raised in the appeal are of fact only. The trial judge filed no findings or conclusions, and every issue of fact raised by evidence must be resolved against appellant. The record includes a statement of facts.

It appears that appellees listed the property involved with appellant, to be disposed of for money or in trade. Appellant thereupon procured from one Frank Carter of Clinton, Missouri, an offer to exchange certain real property in Kansas City for appellees' property in Harlingen, upon terms not necessary to set out here. Appellant presented this offer to appellees, who accepted it, subject to the conditions that: "It is expressly understood by the parties hereto that the first party [appellees] has not seen the property of the second party, and is privileged to inspect the property of the party of the second part. Should first party, after completing the inspection as aforesaid, fail to approve this contract, then the same shall be null and void and without further force or effect. Should first party approve the property of the party of the second part, then such evidence will be made by the signing of this 'approval contract' which is attached hereto, and this contract shall be binding upon both parties hereto."

One of the appellees thereupon proceeded to Kansas City and inspected the property offered him by Carter in the proposed exchange. After this inspection the parties went to Harlingen, where Carter inspected appellees' property, approved it, and deposited $1,000 in escrow, as required in the proposed deal. Up to this juncture appellees had not expressly acquiesced in the proposed exchange, and finally declined to proceed further, or execute written approval of the trade, as expressly provided in the agreement as a condition necessary to bind appellees. The effect of this agreement was that, in order to earn the agreed commission, appellants would procure an offer of property which upon their inspection appellees would approve, and express their approval in writing. According to the trial court's presumed findings, appellants did not procure such offer, and therefore did not earn the agreed commission herein sued for.

▮ The trial court heard all the evidence, resolved all issues against appellant, and concluded that appellees had done nothing to bind them to the exchange, or to appellant for the stipulated commission. The case was thereby resolved into one purely of fact, and we have no authority to set aside the trial court's findings and conclusions thereon.

The judgment must be affirmed.